UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STEVE HENRY MAZAK,**

    **Plaintiff,**

v.                                         **Case No: 5:25-cv-82-WFJ-PRL**

**HECTOR OTERO, et al.,**

    **Defendants.**

## ORDER

Plaintiff, a pretrial detainee at the Sumter County Jail, is proceeding pro se on a Civil Rights Complaint docketed on February 18, 2025. (Doc. 1). On March 6, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all his prior federal cases, as required on the complaint form. (Doc. 4). Plaintiff filed a response. (Doc. 5).

The complaint form asked whether Plaintiff had brought an action or appeal in a court of the United States that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted and to disclose all other lawsuits he filed in state or federal court. (Doc. 1 at 8–10). Plaintiff answered no to all questions. *Id.*

The Court identified the following case brought by the Plaintiff prior to filing the instant action:

- *Mazak v. William et al.*, 5:22-cv-219-WFJ-PRL (M.D. Fla.) (alleging "malicious and false arrest"). Filed on May 3, 2022. Summary Judgment entered in favor of Defendant on November 6, 2023.

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, knowledge of a prisoner's prior litigation history is required for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011). In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose

previously filed lawsuits[.]" *Id.* at 226. The Court determined that dismissal was an appropriate sanction. *Id.*

Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

In his response to the Order to Show Cause, Plaintiff states he "misunderstood what the paperwork stated." (Doc. 5 at 1). He further claims that the present action has nothing to do with the unlisted case and there "was no ill intentions" for failing to list it. *Id.* at 2.

The Court has considered Plaintiff's reasoning but determines that Plaintiff has failed to truthfully disclose his prior case as required by the plain language instructions of the form. Plaintiff stated he had filed no prior cases, which was not accurate. (Doc. 1 at 8–10). Additionally, while the previous case was based on a separate incident, it dealt with the same type of claim raised in this case, malicious arrest and prosecution. *See* Doc. 1 at 3. The failure to exercise candor in completing the form impedes the Court in managing its caseload and merits the sanction of dismissal. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (finding that "the district court was entitled to dismiss [plaintiff's] complaint based on his failure to fully disclose his

litigation history," and noting that the district court reasoned that requiring prisoners to disclose prior lawsuits is important to enable courts to apply the "three strike rule" and dispose of successive cases that relitigate old matters).

Plaintiff has failed to present any persuasive reason to excuse his lack of candor. The Court finds that Plaintiff's failure to disclose his previous lawsuit constitutes an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 215 (2007). An appropriate sanction for such abuse of the judicial process is the dismissal of the Complaint. It is within the Court's discretion to order that this dismissal be considered a strike for purposes of 28 U.S.C. § 1915(g). *See, e.g.*, *Rivera*, 144 F.3d at 731 ([D]ismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).") (citation omitted).

Accordingly, this case is hereby **DISMISSED without prejudice**. Such dismissal counts as a "strike" for the purposes of the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g). The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Tampa, Florida on March 25, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Unrepresented Party